
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLASUMBO TITILOLA AJETUNMOBI, | No. 12-56523 |
| Plaintiff - Appellant, | D.C. No. 8:12-cv-00568-DOC-JPR |
| v. | |
| CLARION MORTGAGE CAPITAL, INC., | MEMORANDUM[*] |
| Defendant, | |
| and | |
| COUNTRYWIDE HOME LOANS, INC.; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted December 10, 2014[**]
Pasadena, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GRABER, GOULD, and CALLAHAN, Circuit Judges.

Plaintiff-Appellant Olasumbo Titlola Ajetunmobi ("Ajetunmobi") alleged various fraud-based claims as well as claims for cancellation of deed of trust and quiet title, and declaratory and injunctive relief against a number of defendants including, Countrywide Home Loans, Inc. ("Countrywide"), Bank of America ("BofA"), BAC Home Loans Servicing, LP ("BAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Wells Fargo Bank, N.A. ("Wells Fargo").  Countrywide, BofA, BAC, and MERS filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, and the district court granted the motion with prejudice on July 17, 2012.  Ajetunmobi filed her notice of appeal shortly thereafter on August 15, 2012.

Certain Defendants-Appellees claim that Ajetunmobi's notice of appeal was premature because the case was still pending against Wells Fargo.  The district court did not rule on Wells Fargo's motion to dismiss until February 15, 2013.  However, when a party prematurely files a notice of appeal "after the court announces a decision or order—but before the entry of the judgment or order—[the notice of appeal] is treated as filed on the date of and after the entry."  Fed. R. App. P. 4(a)(2).  Therefore, Ajetunmobi's appeal is timely.

2

"We review de novo a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for failure to allege fraud with particularity under Federal Rule of Civil Procedure 9(b)." *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1047 (9th Cir. 2011).

1.  A claim of fraudulent misrepresentation in California requires "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (internal quotation marks omitted). Here, Ajetunmobi failed to plead with particularity that any falsity existed. The July 2011 letter appears consistent with the September 2011 assignment of the Deed of Trust. BAC and BofA never indicated that they would not obtain an interest in the note at a later date, and Ajetunmobi offered no evidence in support of her claim that BAC and BofA were not the loan servicers. Therefore, the district court did not err in dismissing Ajetunmobi's claims for fraudulent misrepresentation.

2.  Similarly, fraudulent concealment must be pleaded with particularity. *Cf. 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999). This "requires that: (1) the defendant concealed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant concealed or

3

suppressed the fact with an intent to defraud; (4) the plaintiff was unaware of the fact and would have acted if he or she had known about it; and (5) the concealment caused the plaintiff to sustain damage." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1156 n.3 (9th Cir. 2000). In this case, Ajetunmobi never indicated which document, representation, or communication contained the allegedly concealed information. Accordingly, the district court did not err in dismissing Ajetunmobi's claims for fraudulent concealment.

**3.** "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994) (in bank). "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." *Id*. at 511. Ajetunmobi failed to plead the critical conspiratorial act or underlying tort needed to assert this theory of liability. Thus, the district court properly dismissed her claim for civil conspiracy to defraud.

**4.** California Business and Professions Code § 17200 prohibits "any unlawful, unfair or fraudulent business act." Ajetunmobi relied on the same acts alleged in her fraudulent misrepresentation and fraudulent concealment claims in

4

asserting her § 17200 claim; however, the acts she relied upon did not appear to be fraudulent. As such, the district court did not err in dismissing Ajetunmobi's § 17200 claim.

**5.** The Truth in Lending Act ("TILA") states that "any action under this section may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). In this case, Ajetunmobi signed the original note and loan agreement on February 23, 2007. All parties agreed that shortly thereafter, Countrywide obtained ownership of the loan. Ajetunmobi brought the present action in 2012. She conceded that the statute of limitations barred her TILA claim against Countrywide. Consequently, the district court properly dismissed Ajetunmobi's TILA claim against Countrywide.

TILA's Regulation Z applies only to a "covered person." 12 C.F.R. § 226.39(a)(1). A covered person is an entity that "becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation." *Id*. "[A] servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer holds title to the loan, or title is assigned to the servicer, solely for the administrative convenience of the servicer in servicing the obligation." *Id*.

Here, BofA and BAC serviced Ajetunmobi's loan before MERS assigned BofA the Deed of Trust. The record indicates that MERS assigned the Deed of

5

Trust to BofA for "administrative convenience."  The district court, therefore, did not err in dismissing Ajetunmobi's claims against BofA and BAC.

Ajetunmobi's original deed of trust listed MERS as the beneficiary and nominee for the lender and the lender's assign.  "MERS is a private electronic database . . . that tracks the 'beneficial interest' in home loans, as well as any changes in loan servicers."  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1038 (9th Cir. 2011).  MERS itself is a *system* and does not possess any legal interest in the loans.  Instead, the legal interests lay in the hands of the MERS members.  *See id.*  Thus, the district court did not err in dismissing Ajetunmobi's TILA claims against MERS.

**6.**  Ajetunmobi's claim to quiet title and cancellation of the Deed of Trust depends on the previously discussed fraudulent acts and the alleged TILA violations.  As these claims fail, the district court properly dismissed Ajetunmobi's claim for quiet title and cancellation of the deed of trust.

**7.**  In order "[t]o obtain declaratory relief in federal court, there must be an independent basis for jurisdiction."  *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Declaratory and injunctive relief are remedies, not causes of action.  *Roberts v. L.A. Cnty. Bar Ass'n*, 129 Cal. Rptr. 2d 546, 555 (Ct. App. 2003).  In this case, all of

6

Ajetunmobi's claims were properly dismissed and, consequently, she had no claim upon which to request relief. Therefore, the district court properly dismissed her claims for declaratory and injunctive relief.

8. "[D]enial of leave to amend the complaint is reviewed for an abuse of discretion." *Cervantes*, 656 F.3d at 1041. While leave to amend may be granted freely, Fed. R. Civ. P. 15(a)(2), "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile," *Cervantes*, 656 F.3d at 1041. Here, it appears that leave to amend would have been futile, so there was no abuse of discretion.

**AFFIRMED.**